IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GENSPERA, INC.                          *

            Plaintiff        *

            vs.              *   CIVIL ACTION NO. MJG-12-772

ANNASTASIAH MHAKA            *

            Defendant        *

*       *       *       *       *       *       *       *       *

ANNASTASIAH MHAKA            *

            Plaintiff        *

            vs.              *   CIVIL ACTION NO. MJG-12-3302

GENSPERA, INC.  et al        *

            Defendants    *

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER RE: FEES & COSTS

    The Court has before it Counterclaim Defendant GenSpera

Inc.'s Motion for Attorneys' Fees and Costs[1] [ECF No. 152 in MJG-

12-772[2]] and the materials submitted relating thereto. The Court

has reviewed the materials submitted by the parties, and finds a

hearing unnecessary.

---

[1]    The motion is captioned, as is the instant document, as
referring to both MJG-12-772 and MJG-12-3302.  The Court deems
the motion to be effective in regard to both cases.
[2]    All ECF Nos. cited herein refer to MJG-12-772 unless
otherwise noted.

I.    <u>BACKGROUND</u>

On March 12, 2012, GenSpera, Inc. ("GenSpera") filed Case No. MJG-12-772 seeking a declaratory judgment establishing that John Isaacs ("Isaacs") and Samuel Denmeade ("Denmeade") "were properly named as inventors" on U.S. Patent Nos. 7,468,354 and 7,767,648 (the "Patents") "in accordance with 35 U.S.C. § 116" and that Annastasiah Mudiwa Mhaka ("Mhaka") should not be added to the Patents "as an additional inventor pursuant to 35 U.S.C. § 256."  Compl. ¶¶ 37, 42, ECF No. 1.

On April 26, 2012, Mhaka counterclaimed seeking to be added as an inventor of the Patents by virtue of 35 U.S.C. § 256.  <u>See</u> Answer, ECF No. 16.

On November 1, 2012, Mhaka filed suit against GenSpera, Isaacs and Denmeade in the Circuit Court for Baltimore, Maryland asserting state law claims (conversion, constructive fraud and unjust enrichment) essentially based upon the contention that she was an inventor of the invention claimed in the Patents. Compl., ECF No. 2 in MJG-12-3302.  On November 8, 2012, the defendants removed the case and it became MJG-12-3302.

On November 20, 2012, the parties filed cross motions for summary judgment, essentially agreeing that even if Mhaka had been a co-inventor, the Court could not apply § 256 to require

2

the Patent Office to add her as a named inventor[3] [ECF Nos. 42 and 43].  Mhaka claimed that because Mhaka was no longer seeking § 256 relief, GenSpera's declaratory judgment claim should be dismissed on jurisdictional grounds due to the absence of any case or controversy.

On April 30, 2013, in the Memorandum and Order Re: Procedural Matters [ECF No. 59[4]] the Court granted summary judgment to GenSpera and against Mhaka in MJG-12-772.  However, the Court permitted Mhaka to file an amended counterclaim in MJG-12-772 asserting claims duplicative with those presented in MJG-12-3302.[5] Id.

On October 21, 2013, GenSpera filed a motion [ECF No. 71] seeking costs and fees pursuant to 35 U.S.C. § 285 related to Mhaka's counterclaim in MJG-12-772.  On December 30, 2013, the Court issued the Memorandum and Order Re: Costs & Fees [ECF No. 82] denying the motion.

On January 2, 2014, Isaacs and Denmeade, joined by GenSpera, filed a motion in both cases [ECF No. 83] seeking summary judgment on Mhaka's tort claims against them.

On September 12, 2014, the Court issued the Memorandum and Order Re: Summary Judgment [ECF No. 129 in MJG-12-772 and ECF

---

[3]   Such an application would render the patent invalid.
[4]   Also filed as ECF No. 40 in MJG-12-3302.
[5]   The Court reasoned that the duplicative filing might effectively eliminate certain jurisdictional issues.

No. 54 in MJG-12-3302] granting the summary judgment motions and entered Judgments [ECF No. 130 in MJG-12-772 and ECF No. 55 in MJG-12-3302] dismissing all of Mhaka's state law claims with prejudice.

On September 26, 2014, GenSpera filed a timely motion for attorneys' fees and costs[6] [ECF No. 131 in MJG-12-772], which was denied without prejudice on December 1, 2014, to be renewed and/or supplemented within 60 days of the final conclusion of the then pending appellate proceedings. See Order Re: Motion for Costs and Fees, ECF No. 146.

On April 8, 2015, the mandate of the United States Court of Appeals for the Fourth Circuit was filed [ECF No. 150], effecting the dismissal of Mhaka's appeal to the Fourth Circuit. And on August 24, 2015, the mandate of the United States Court of Appeals for the Federal Circuit was filed [ECF No. 151] effecting the dismissal of Mhaka's appeal to the Federal Circuit.

On October 22, 2015, GenSpera filed the instant motion seeking an award of attorney's fees and costs pursuant to 35 U.S.C. § 285 and Local Rule 109.2, Rules of the United States District Court for the District of Maryland ("Local Rules").

---

[6]     Pursuant to Maryland Rule 1-341, 35 U.S.C. § 285, and 28 U.S.C. § 1927.

II.  LEGAL STANDARD

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.  An "exceptional" case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., --- U.S. ----, 134 S. Ct. 1749, 1756 (2014).  "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id.  Exceptionality must be demonstrated by a preponderance of the evidence.  Id. at 1758.

The determination of reasonable attorney fees is "a matter that is committed to the sound discretion" of a district court judge. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 558 (2010).

III. DISCUSSION

GenSpera seeks "all costs and attorneys' fees related to its defense against [Mhaka's] claims in the above-captioned actions."  Mot. 1, ECF No. 152.  There are three categories at issue:

1. Attorneys' fees related to the § 256 claim that had been denied under the prior Brooks[7] standard, ($953,266.25[8])

2. Attorneys' fees related to defending against the tort claims in trial and appellate proceedings, $1,106,009.50, and

3. Costs ($56,403.87[9] + $114,889.57[10]).

The Court shall address each in turn.

A.   Attorneys' Fees Related to § 256 Claim

Less than four months after this Court denied GenSpera's Motion for Costs and Fees [ECF No. 71] related to the § 256 inventorship counterclaim, the Supreme Court issued the Octane Fitness decision, which changed the standard for deciding motions for attorneys' fees under 35 U.S.C. § 285.  Mhaka contends that GenSpera's request for reconsideration is untimely because it was filed too late.[11]  However, since GenSpera filed its motion within fourteen days of final judgment pursuant to

---

[7]    Referring to Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378 (Fed. Cir. 2005), which required proof, by clear and convincing evidence, of either material inappropriate litigation conduct, or else "only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." Id. at 1381-82.

[8]    Amount reported in ECF No. 155 at 5.

[9]    The costs related to the § 256 claim as reported in ECF No. 155 at 5.

[10]    The costs related to the tort claims as reported in ECF No. 155 at 4.

[11]    The Court notes that Mhaka contended that the first motion for fees, ECF No. 71, was untimely because it was filed too early.

Fed. R. Civ. P. 54(d)(2) and L.R. 109.2, the Court does not find the motion untimely.

The Court may exercise its discretion to award fees to a prevailing party in an "exceptional case." There is no doubt that GenSpera is a prevailing party.

In Octane Fitness, the Supreme Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 134 S. Ct. 1756. The Court further explained that there is "no precise rule or formula for making these determinations," and district courts must exercise their discretion in each case, "considering the totality of the circumstances." Id. (noting that "under a similar provision in the Copyright Act, district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'").

In the Memorandum and Order Re: Costs & Fees [ECF No. 82], the Court denied GenSpera's motion seeking a fee award pursuant

to § 285.  In particular, the Court found that GenSpera
proceeded with unnecessary discovery regarding Mhaka's § 256-
based claims.  The Court does not find the change in definition
provided by Octane Fitness to warrant a change in result.  It is
true that the defect in Mhaka's § 256 claim should have been
apparent to her counsel.  However, that defect should also have
been apparent to GenSpera's counsel who unnecessarily proceeded
beyond the pleading stage.  Hence, even considering the case as
exceptional, the Court concludes that it should not – and shall
not – exercise its discretion to award GenSpera attorneys' fees
pursuant to § 285.


     B.    Attorneys' Fees Related to Tort Claims

         1.    35 U.S.C. § 285

Generally, attorneys' fees for non-patent claims are not
authorized under § 285. See Gjerlov v. Schuyler Lab., Inc., 131
F.3d 1016, 1025 (Fed. Cir. 1997) ("When an action embraces both
patent and non-patent claims, no fees under section 285 can be
awarded for time incurred in litigation of the non-patent
issues." (quotation omitted)). However, § 285 can be considered
applicable to non-patent claims if they are sufficiently
"intertwined with the patent issues." Interspiro USA, Inc. v.
Figgie Int'l Inc., 18 F.3d 927, 933 (Fed. Cir. 1994).  To

determine whether the non-patent issues are sufficiently intertwined with the patent issues, the court must consider whether "the evidence would, in large part, be material to both types of issues." Stickle v. Heublein, Inc., 716 F.2d 1550, 1564 (Fed. Cir. 1983).  In Stickle, the court found that that an anticipatory breach claim was sufficiently intertwined with a patent claim because it "was also asserted as giving rise to an implied license to obtain infringing machines."  Id.

Similarly, in Interspiro, the breach of the settlement agreement was dependent upon finding infringement of the patent, and the Federal Circuit affirmed the district court's award of attorney fees under § 285.  18 F.3d at 933.  But the Gjerlov court held that "attorney fees and costs could not be based upon the patent statute [§ 285] because violation of the [contract] did not mean infringement of the patent, and the court below did not independently find infringement, but only breach of contract."  131 F.3d at 1025.

In regard to Mhaka's state law claims, the Court granted summary judgment.  The Court made no finding with regard to Mhaka's patent law (§ 256) claim.  The Court, assuming that Mhaka was a co-inventor, held that she would have no claim for conversion under Maryland law and that her equitable claims were time-barred.

Accordingly, the state law claims were not sufficiently intertwined with the patent issues so as to make § 285 applicable to them.

### 2.   Maryland Rule 1-341

Defendants seek attorneys' fees under Maryland Rule 1-341.[12] Mot. Mem. 2, ECF No. 152-1; Reply 6, n.5, ECF No. 161. However, "the scope of Rule 1-341 does not encompass proceedings in federal court." Major v. First Virginia Bank-Cent. Maryland, 631 A.2d 127, 135 (Md. Ct. Spec. App. 1993). Therefore, to the extent that attorneys' fees were incurred in federal court, they cannot be reimbursed by virtue of Maryland Rule 1-341. Id. at 136.

### C.   Costs

On September 12, 2014, the Court entered judgment [ECF No. 130] against Mhaka, dismissing all claims and awarded Defendants their respective costs. However, GenSpera did not timely file a Bill of Costs with the Clerk.[13] Local Rule 109.1, which governs filings for costs other than fees, requires a Bill of Costs to be filed within 14 days of the entry of judgment (or in the case

---

[12]   As requested in ECF No. 131-1 at 5-7, which was incorporated by reference in the instant motion.
[13]   To date, there has been no filing in conformance with the Local Rule.

of costs on appeal, within 14 days after issuance of the mandate by the Court of Appeals). L.R. 109.1.a. <u>See</u> <u>also</u> Fed. R. Civ. P. 54(d)(1).

"Non-compliance with these time limits shall be deemed a waiver of costs." L.R. 109.2.a.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, Counterclaim Defendant GenSpera Inc.'s Motion for Attorneys' Fees and Costs [ECF No. 152 in MJG-12-772] is DENIED.

SO ORDERED, on <u>Monday, April 18, 2016</u>.

_____/s/_____
Marvin J. Garbis
United States District Judge
